**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

KENNETH WAYNE MOORE PLAINTIFF

v. 5:19cv00186-JM-JJV

JEFFREY SPEAR, Doctor, J.R.M.C. DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I. INTRODUCTION

Kenneth Wayne Moore ("Plaintiff") is a pretrial detainee at Brassell Detention Center, and has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges Doctor Jeffrey Spear ("Defendant") provided inadequate medical care, which Plaintiff refers to as a "medical rejection." (Doc. No. 4 at 7-8.) After careful review of Plaintiff's Amended Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. ANALYSIS

As I noted in a prior Order, Plaintiff's original Complaint was deficient because it did not provide enough information to establish a serious medical need and deliberate indifference on behalf of the Defendant. (Doc. No. 3.) I offered Plaintiff an opportunity to amend his Complaint to cure these deficiencies. (*Id*. at 6.)

In his Amended Complaint, Plaintiff adds details of his neck and back pain, as well as the original course of treatment. (Doc. No. 4 at 7.) He continues to seek monetary damages for pain and suffering allegedly stemming from a lack of treatment at Jefferson Regional Medical Center, Pine Bluff ("J.R.M.C."). However, Plaintiff's added details still do not suggest that he had an objectively serious need. Additionally, Plaintiff's Amended Complaint does not suggest that Defendant acted with deliberate indifference in the course of treatment.

Similar to his original Complaint, Plaintiff's Amended Complaint fails to contain "a short and plain statement of [his] claim" as required by Federal Rule of Civil Procedure 8(a)(2). To state a plausible § 1983 inadequate medical care claim, a detainee must plead facts suggesting: (1) he or she had an objectively serious need; and (2) the defendant subjectively knew of, but deliberately disregarded, that serious medical need. *See Barton v. Taber*, 908 F.3d 1119, 1123–24 (8th Cir. 2018); *Jackson v. Buckman,* 756 F.3d 1060, 1065 (8th Cir. 2014).

Concerning the first element, in the original Complaint, Plaintiff did not provide any facts about the pain in his neck and back, such as how long he had the pain, the severity of the pain, what caused the pain, and any care he received for that pain. While Plaintiff did provide these details in his Amended Complaint, they still did not suggest Plaintiff had an "objectively serious need." Plaintiff stated his neck and back pain began on or about March 5, 2019. (Doc. No. 4 at 7.) In the Amended Complaint, he mentioned feeling "uncomfortable" and that his aliments

were "bothersome." (*Id.*) However, Plaintiff also had access to a doctor on April 9, 2019 and was prescribed pain medication to alleviate his symptoms. (*Id.*) This treatment by a doctor demonstrates that Plaintiff had access to medical care at his detention facility. Moreover, since Plaintiff was seen by a doctor and then prescribed mediation, the facts in his Amended Complaint indicate he did not have an "objectively serious need." Additionally, no medical professionals from the Brassell Detention Center, including the doctor who treated Plaintiff on April 9, 2019, have been named as defendants in this case.

Concerning the second element, deliberate indifference is a higher standard than negligence or even gross negligence. It requires "proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998). From the Complaint, it appears Defendant Spears was not deliberately indifferent, but rather determined, in his professional medical judgment, that there was no urgent need for treatment for Plaintiff's back and neck pain. Moreover, with Plaintiff's additional information in the Amended Complaint, it is evident that Plaintiff had access to medical treatment in Brassell Detention Center. A medical professional had already determined his neck and back pain were not urgent, and in the event they became urgent, Plaintiff would have access to treatment at the jail. Therefore, Plaintiff's disagreement with that determination is still not enough to state a plausible § 1983 claim. *Barr v. Pearson*, 909 F.3d 919, 921–22 (8th Cir. 2018) (prisoners do not have a constitutional right to a particular course of treatment and their mere disagreement with the provided medical care is not enough to support a constitutional violation).

For these reasons, Plaintiff's Amended Complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IV. CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 4) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 30th day of July 2019.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."